IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| United States<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES FRANCES MARTENY<br><br>    Defendant | ORDER AND MEMORANDUM DECISION DENYING MOTION FOR ORDER AUTHORIZING PRE PLEA REPORT<br><br>Case No. 2:09-cr-19 DB<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Weels |

On October 28, 2009, this court held a hearing on Defendant's motion for Order Authorizing a Pre-Plea Presentencing Report. The defendant James Frances Marteny was present and represented by counsel of record, Mary C. Corporon. The United States was represented by Carol Dane substituting for AUSA Trina Higgins who was unavailable.

The defendant has been charged by indictment with a violation of Title 18 U.S.C. 922(g)(1), Possession of a Firearm by a Convicted Felon. The court acknowledges receipt of the defendant's written consent to initiate a pre-plea presentence report. It further acknowledges there has been no objection raised by the government, who may in fact have stipulated to the request of defendant. Yet, for the following reasons, the court declines to authorize preparation of a pre-plea presentence report in this specific case:

Federal Criminal Rule of Procedure 32 governs "post-conviction" sentencing

1

procedures.[1]  While Rule 32(e)(1) does authorize a defendant, upon written consent, to have a pre-sentence report submitted to the court or others prior to a plea of guilty, a plea of nolo contendere or a finding of guilt, use of a pre-plea presentence report in this particular case is inappropriate and abuses court process.

No trial or disposition date is presently set; thus defendant does not stand convicted of any offense related to the pending indictment.  Rather, Defendant states in his written motion and at the hearing, that the parties have engaged in negotiations and "completion of the report is the only remaining road block to a resolution of this case by plea agreement."  In response to the court's inquiry, defendant acknowledged the report is necessary for calculation of defendant's criminal history category, the proposed sentencing guideline range and for a determination of relevant conduct.   There was no discussion as to whether the defendant would be interviewed as is the usual practice, and what effect such an interview would have on his constitutional right to remain silent.

It is expected that defendant's criminal history has been provided.  There is a reasonable belief that defense counsel, based upon the years and magnitude of her experience, is more than able to evaluate the defendant's criminal history category, the likely guideline applications and the evidence which might constitute relevant conduct.

 There has been no finding by any court creating a factual basis upon which the pre-sentencing report in this case could be based.  This places the pre-sentence investigator in the impermissible role of arbiter and fact finder for the purpose of furthering negotiations rather than assisting the court in determining an appropriate sentence.

---

[1] *See* Fed. R. Crim. P. 32.

Defendant's motion is thus denied.

DATED this 29th day of October 2009,

BY THE COURT:

BROOKE C. WELLS
United States Magistrate Judge